IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM DISABATINO,               :
            Petitioner,           :    CIVIL ACTION
                                  :
        v.                        :
                                  :
PA BOARD OF PROBATION &           :
PAROLE, et al.,                   :
            Respondents           :    NO. 05-5662

<u>ORDER</u>

AND NOW, this 9th day of May, 2006, upon careful and independent consideration of the Petition for Writ of Habeas Corpus (Docket No. 1), the respondents' Answer and the petitioner's Reply and after review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells (Docket No. 9) and the petitioner's Objections thereto, IT IS HEREBY ORDERED that:

1.    The Report and Recommendation is APPROVED AND ADOPTED.

2.    The Petition for Writ of Habeas Corpus is DENIED AND DISMISSED without an evidentiary hearing.

3.    There is no basis for the issuance of a certificate of appealability.

The petitioner has challenged a decision of the Pennsylvania Board of Probation and Parole which denied him parole, arguing that the parole board's decision violated his due process rights.  The Report and Recommendation considered the

1

petitioner's claim on the merits[1] and concluded that the parole proceeding did not give rise to a protected liberty interest requiring procedural due process and that the parole board's decision was not based on constitutionally impermissible grounds and thus the petitioner's substantive due process rights had not been violated.  In his objections, the petitioner does not challenge the Report and Recommendation's conclusion that he does not have a protected liberty interest, but instead argues that his substantive due process rights were violated because the parole board's decision was arbitrary and capricious.

Although there is no protected liberty interest in being granted parole, a decision by a parole board cannot be arbitrary and capricious or based on constitutionally impermissible reasons, such as race, religion or the exercise of free speech rights.  Block v. Potter, 631 F.2d 233, 235-37 (3d Cir. 1980).  However, it is not the role of the federal courts to second-guess the decisions of parole boards.  Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001).

Here, the parole board denied the petitioner parole because of: his version of the nature and circumstances of the offenses committed; his refusal to accept responsibility; his

---

[1] Even though the petitioner had not submitted his claim to the state courts, the Report and Recommendation concluded the his claim should be reviewed on the merits in light of Defoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005). The Court agrees with this conclusion.

lack of remorse; his prior history of supervision failures; and his need to participate in and complete additional institutional programs.  Although the petitioner challanges the parole board's reasons for reaching these conclusions, the Court agrees with the Report and Recommendation that the parole board's decision to deny the petitioner parole was neither arbitrary and capricious nor otherwise violative of the petitioner's constitutional rights.

BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.